**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division


UNITED STATES OF AMERICA

v.                                          ACTION NO. 4:05CR37

ROBERT GREEN,

        Defendant.


O R D E R


      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

      There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 846 and 841.

      The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

      The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant was involved in a conspiracy which was a loose-knit organization of individuals. Most of the persons named

in the indictment both purchased and sold drugs as part of the conspiracy.  The Assistant United States Attorney indicated that there are at least fourteen witnesses who could describe the overall nature of the conspiracy, eleven of whom have been federally prosecuted and three of whom are not facing charges.  In addition, the government successfully made several controlled purchases from a number of the persons named in this indictment.

The Assistant United States Attorney proffered that the defendant referred an informant to make a controlled buy from a co-defendant. The defendant dealt in kilograms of powdered cocaine and multi-ounce sizes of cocaine base. He also was observed using a .38 caliber revolver. Five witnesses will testify as to direct drug dealings with the defendant.

This 28-year-old defendant is a lifelong resident of Newport News. The defendant is single but has one seven-year-old son. The defendant does not claim employment since June of 2002. He has no income or assets.

The defendant has used marijuana since 14 years of age and has used it weekly since that age.

The defendant has three misdemeanor convictions. In addition, in June of 2000 the defendant was convicted of drug distribution and possession of a firearm while possessing drugs. He was on supervised probation until August of 2001.

The defendant is a risk of flight, based on his criminal

2

history and residence situation. He is a danger to the community based on his criminal history, the charged offenses, the fact that the offenses occurred while he was on good behavior release, and his substance abuse history.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal

for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

_____/s/_____

Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

April 25, 2005

Nunc pro tunc April 19, 2005